IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Mid City Bank, Inc.,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>**vs.** )<br>)<br>)<br>)<br>**PATRICIA M. FITL, as Personal Representative** )<br>**of the Estate of James G. Fitl, Deceased,** )<br>)<br>**Defendant.** ) | Case No. 8:14-cv-00346<br><br>**PROTECTIVE ORDER** |

This matter comes before the Court upon the Joint Motion for Protective Order (filing 19) by the Plaintiff, Federal Deposit Insurance Corporation, as Receiver for Mid City Bank. Inc., Defendant Patricia M. Fitl, as Personal Representative of the Estate of James G. Fitl, (individually, "Party" and collectively, "Parties"). There being no objection by any Party to the entry of this Order and the Court having considered the grounds for the entry of this Order, it is the opinion of this Court that the Joint Motion for Protective Order should be granted in the above-captioned action ("Action").

  **1.**  **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, interrogatory responses, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. The term "document" is comprehensively defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, which defines document to include writings, drawings, graphs, charts, photographs, phone

records, and other data compilations from which information can be obtained. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

   **2.**  **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing Party that falls within one or more of the following categories:

   **(a)** information prohibited from disclosure by Part 309 of the Federal Deposit Insurance Corporation ("FDIC") Rules and Regulations, Part 261 of the Federal Reserve Board Rules and Regulations, the laws of the State of Nebraska, and any other federal or state laws;

   **(b)** information that reveals trade secrets;

   **(c)** research, technical, commercial or financial information that the Party has maintained as confidential;

   **(d)** personal, financial or professional information that is generally unavailable to the public;

   **(e)** personal identity information and other information concerning persons or entities related to Mid City Bank, Inc. ("the Bank") and/or any of its predecessors, successors, or affiliates, including, but not limited to, bank account information, customer bank records, signature cards, bank statements, general ledger entries, deposit information, and related records or documents that contain any names, addresses, account numbers, social security numbers, dates of birth, or other identifying information;

   **(f)** documents or information related to lending transactions, loans, or extensions of credit to any borrower, including, but not limited to, loan applications, financial

statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation;

> **(g)** personnel or employment records of a person;

> **(h)** income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

> **(i)** information concerning state or federal regulation or supervision of the Bank in whatever form, whether preliminary or final, including, but not limited to, reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements;

> **(j)** information relating to the appointment or service of the FDIC as receiver for the Bank, including, but not limited to, any information or loss or estimates of such loss on assets (*i.e.* loss share agreements and loss share certificates), and any administrative depositions or examinations conducted by the FDIC; and

> **(k)** information relating to state or federal administrative, criminal, or regulatory enforcement proceedings.

Information or documents that are available to the public may not be designated as Confidential Information.

> **3.** **Designation.**
>
> **(a)** Except as may be subsequently agreed by the Parties in an ESI protocol or otherwise ordered by the Court, the following shall be the process for designating documents as Confidential Information. A Party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility

of the document or by so designating in a letter served with the production or within five (5) days thereafter. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**(b)** Information may be designated as Confidential Information only if the designating Party has a good-faith basis for believing the information is included under the definition set forth in Paragraph 2 above.

**4.     Depositions.**

Unless all Parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until and through 21 days after the Parties' receipt of the final deposition transcript. No later than the 21st day after receipt of the final deposition transcript, a Party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

**5.     Protection of Confidential Information.**

**(a)     General Protections.**  All Confidential Information provided pursuant to this Order is provided solely and exclusively for purposes of litigating this Action, including any appeal thereof. Absent further written agreement between the Parties or further order of this Court, all such materials shall be maintained confidential pursuant to this Order and shall not be disclosed, discussed, or in any way divulged to any person for any other purpose, except as permitted under this Order.  The transmission of Confidential Information between the FDIC in its capacity as receiver for the Bank and the FDIC acting in its various other capacities shall not constitute disclosure for purposes of this Order.  Any such Confidential Information transmitted among various capacities of the FDIC shall remain subject to this Order and its prohibition on disclosure.

**(b)     Exceptions to Non-disclosure.**  The Parties agree that the Confidential Information shall be used only to investigate, analyze, litigate, and resolve this Action, including any appeal thereof.  The Parties may disclose Confidential Information received pursuant to this Order to the following persons or entities:

1)  Continental Casualty Company, as issuer of Policy No. 287463208, ("D&O Insurer"), its personnel (including, but not limited to, its Board of Directors, attorneys, investigators and senior executives, officers and employees) and its counsel conducting, assisting, monitoring, reviewing or making determinations with regard or related to the investigation, analysis and/or resolution of the claims asserted by the FDIC in its Complaint in this action ("FDIC-R Claims");

2)  counsel (together with any employees of counsel) engaged by any Party to assist or participate in the evaluation and resolution of the FDIC-R Claims;

3)  vendors, investigators, consulting experts, testifying experts, consultants, mediators, and arbitrators engaged by any Party or their counsel to assist or participate in the preparation and trial of this action;

    4)    contractors, or those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    5)    deposition witnesses in this Action to whom disclosure is reasonably necessary in preparation for or at the time of providing testimony. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

    6)    reinsurers, regulators, auditors, or other entities to whom a Party or its insurer may be required to respond or report to in the ordinary course of business regarding the subject matter of the FDIC-R Claims, but only to the extent that such persons or entities are already subject to substantially similar confidentiality obligations as those set forth in this Order;

    7)    individual Parties and employees of a Party but only to the extent those employees are involved with or making determinations regarding the FDIC-R's Claims;

    8)    other Bank officers, directors, employees, independent contractors, or outside accountants or auditors who performed work for the Bank;

    9)    any officer, director or employee of the Nebraska Department of Banking and Finance;

    10)    any witness contacted by counsel for a Party, whether such witness will or will not testify at trial or in deposition in this Action;

    11)    Court officials and jury members involved in this Action including court reporters, certified translators or interpreters, and other Court personnel as are necessarily incident to the conduct of discovery, the conduct of depositions, the preparation for the trial or the trial itself.

If and to the extent any Party believes that Confidential Information should be disclosed to any person not specifically covered within the foregoing list, such Party shall request that the other Party consent to the disclosure of Confidential Information to such proposed recipient. The other Parties shall review the request in good faith and respond to it within five (5) business days. No Party waives its right to seek permission from the Court to disclose to the proposed person in the

event that the terms of the consent cannot be agreed upon. In no event shall any Confidential Information be disclosed to any Party, by consent or by identification in the foregoing list, without such person first having executed the appropriate acknowledgements and agreements required herein.

**(c)** **Confidentiality Order Certificate.** Confidential Information may only be disclosed to persons or entities identified in subparagraphs 5(b)(1) – (11). Persons or entities identified in subparagraphs 5(b)(1) (with counsel signing for the D&O Insurer and its law firm), 5(b)(3), (4), (5), (8), (9) and (10) must sign a written Acknowledgment and Agreement to be Bound, in the form attached as Attachment A. The signature of any representative with authority to sign on behalf of an entity is sufficient to bind the entity, and all persons employed or otherwise retained by the person or entity. The Parties shall keep all of their respective Agreements to Maintain Confidentiality containing original signatures.

**(d)** **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**(e)** **Counsel's Obligation to Inform.** Prior to disclosing Confidential Information to any person pursuant to paragraph 5(b), counsel shall:

1) Apprise that person of the confidential nature of the documents;

2) Apprise that person that this Court, pursuant to this Order, has restricted the use of such documents by such person; and

3) Show that person a copy of this Order, specifically informing him of the contents of this Paragraph.

**6.** **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate

the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a Party designates a document as Confidential Information after it was initially produced, the receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**7.** **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 7.5.

**8.** **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any Party. A Party shall not be obligated to challenge the propriety of a designation of confidentiality at the time made, but must do so at least 30 days before the close of discovery in the case. The following procedure shall apply to any such challenge.

**(a)** **Meet and Confer.** A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change

in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within five (5) business days.

**(b)    Judicial Intervention.**  A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential Information under the terms of this Order.

9.    **Action by the Court.**  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10.    **Use of Confidential Information or Information at Trial.**  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential information at a hearing or trial shall bring that issue to the Court's and the Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11.    **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)**    If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as

Confidential Information, the receiving Party must immediately notify the designating Party in writing after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** The receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. If any Party objects to the production of Confidential Information subject to a subpoena, the receiving Party shall not produce the Confidential Information absent court order.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in Paragraph 11 remain in effect while a Party has in its possession, custody or control Confidential Information of another Party to this case.

12. **Obligations on Conclusion of Litigation.**

    **(a)** **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **(b)** **Return of Documents.** Within ninety (90) days after final adjudication of this Action, including any resolution through settlement, all Confidential Information and

documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing Party unless: (1) the Parties agree to destruction to the extent practicable in lieu of return; or (2) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party that it has done so. Notwithstanding the foregoing requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court including those filed under seal. In addition, the Parties and their counsel and insurers and their counsel may retain Confidential Information as reasonably necessary to comply with future requests for review by insurers, reinsurers, auditors, and regulators, or as necessary to exercise or enforce subrogation rights. When such retention is no longer needed, such persons and entities shall return to the producing Party the retained documents or destroy those documents within ninety (90) days after such retention is no longer required. Any retained Confidential Information shall continue to be protected under this Order. This paragraph does not apply to any documents or information ordered produced by a court without the limitations set forth in this Order.

      **(c)** **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

    **13.** **Order Subject to Modification.** This Order shall not be amended, modified, or terminated without Order of the Court.

**14. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**15. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**16. Miscellaneous.**

**(a)** Agreeing to, producing, or receiving Confidential Information or otherwise complying with this Order shall not prejudice a Party's right to object to the production of documents they consider not subject to discovery, or object to the authenticity, relevance, or admissibility of any document, testimony, or evidence.

**(b)** Nothing in this Order shall prevent a producing Party from using his, hers, or its own Confidential Information for any purpose not involving this litigation.

**(c)** Except as specifically stated herein, this Protective Order shall not affect any rights of the Parties under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**(d)** The production of material protected by the attorney-client privilege or the attorney work product doctrine ("Protected Material") shall not in any way prejudice the producing Party and shall not constitute a waiver, or estoppel, or otherwise prevent the producing

Party from asserting any privilege or other ground for withholding such Protected Material from production in the course of discovery in this case.

**(e)** A producing Party shall have 45 days after one of its counsel in this case becomes actually aware that Protected Material has been produced in which to request its return. All such requests to return Protected Material shall be in writing to lead counsel for all Parties, shall state when counsel became aware of the production of the Protected Material, and shall, if possible, identify the produced Protected Material by Bates range(s) or other document identifier. A producing Party's counsel shall be conclusively deemed to be actually aware that Protected Material was produced at the time the producing Party's counsel is served with an exhibit list for trial that specifically lists the Protected Material.

**(f)** The Parties agree, and the Court hereby orders, that the production of Protected Material cannot provide a basis for any third party to seek disclosure or production of the material viewed based on waiver, abandonment, estoppel, prior disclosure, or any other theory, claim, or argument. Pursuant to Federal Rule of Evidence 502(d), the production of Protected Material shall not waive the claim of privilege or protection in any other federal or State proceeding.

**(g)** In the event additional parties join or are joined in this litigation, they shall not have access to Confidential Information until the newly-joined party, by its counsel, has executed and, at the request of any Party, filed with the Court, its agreement to be fully bound by this Order.

**(h)** The Parties agree to be fully bound by this Order pending its entry by the Court, and any violation of this Order shall be subject to the same sanctions and penalties as if the Order has been entered.

**IT IS SO ORDERED.**

**DATED June 8, 2015.**

                                    **BY THE COURT:**

                                    **S/ F.A. Gossett**
                                    **United States Magistrate Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Mid City Bank, Inc.,** )<br>)<br>)<br>)<br>    **Plaintiff,**    )<br>)<br>**vs.**    )<br>)<br>)<br>**PATRICIA M. FITL, as Personal Representative** )<br>**of the Estate of James G Fitl, Deceased,**    )<br>)<br>    **Defendant.**    ) | Case No. 8:14-cv-00346 |

## ACKNOWLEDGMENT AND
## AGREEMENT TO BE BOUND

      The undersigned hereby acknowledges that he/she has read the Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nebraska in matters relating to the Order and understands that the terms of the Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

      The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

      Name:
      Job Title:
      Employer:
      Business Address:


Date:                                                                   _____
                                                                                                        Signature